[No. 33613. Department One. February 7, 1957.]

EDGAR KERNS et al., *Respondents*, v. ELMINA PICKETT et al., *Appellants.*[1]

*Elliott & Schneider*, for appellants.

*Savage & DeVange* and *Will Lorenz*, for respondents.

[1]Reported in 306 P. (2d) 1112.

FINLEY, J.—The facts of this case are set out quite fully in the decision rendered when the case was previously here on appeal; (see *Kerns v. Pickett*, 47 Wn. (2d) 184, 287 P. (2d) 88). That decision should be read in order to facilitate the following discussion of the questions raised on this second appeal.

As will be noted from the previous decision, the lessees (the parties-respondent in the present appeal), under an alleged five-year lease of farm lands, are asking (a) that the lease be held to be a valid and legally binding one, and (b) that the lessor, two of her sons, and other parties (the parties-appellant in the present appeal) be restrained from interfering with the lessees, and with the latter's right to the possession, use, and enjoyment of the farm lands under the above-mentioned lease.

Originally, the trial court held that the lease was invalid and refused to grant the relief sought by the lessees. On appeal, we set aside the judgment because the trial court had failed to make and enter findings of fact relative to the crucial legal questions of whether there had been a valid execution and delivery of the lease. The case was remanded with instructions that the trial court should review the evidence and make and enter findings of fact relative to the above-mentioned crucial questions. Thereafter, the trial court made and entered findings of fact relative to the particular aspects of the matter, and concluded therefrom that there had been a legally valid execution and delivery of the lease.

Judgment was entered holding the lease to be a "valid and subsisting one," and permanently restraining and enjoining the lessor and other appellants herein from interfering with the rights of the lessees in and to the above-mentioned farm lands under their five-year lease thereof. This appeal followed.

In the first appeal, and again on this second appeal, the lessor argued that: (1) there had been no execution and delivery of the lease; (2) the lessor had no power or right to convey her *life estate* in a one-half undivided community

interest in the farm lands *without the express written approval of the executors* of her husband's last will and testament.

In connection with the first contention set out above, appellants assign error to the findings of fact and the conclusions of law which have now been made and entered by the trial court. The evidence was conflicting. It does not clearly preponderate against the findings of fact made and entered by the trial court, and the findings of fact will not be disturbed on this appeal. *Freeman v. Stemm Bros., Inc.*, 44 Wn. (2d) 189, 265 P. (2d) 1055.

The aforementioned findings support the conclusions of law entered by the trial court. We hold that appellants' indicated assignments of error are without merit and that there was a legally valid execution and delivery of the lease.

We come now to the second question—whether the lease was invalid because it was executed prior to the probate of the will of the deceased husband of the lessor and was not expressly authorized or ratified by the executors of the estate. Respondents urge that this question was not timely raised because it was not brought up until after the trial court took the case under consideration and had requested counsel for the parties to submit briefs, and that the question was then raised for the first time in the briefs submitted to the trial court by appellants.

We are inclined to agree with respondents that the question was raised too late, apparently, as an afterthought by appellants. Be that as it may, in the final analysis, appellants' contention is without merit. Basically, the contention is that the executors of the will were not parties to the lease; that, under our statutes, the executors had a right or duty to manage and control the estate of the testator during the probate of the estate; *i.e.*, until the entry of an order of solvency or a final order in the probate proceedings.

As far as they go, appellants are correct. However, they do not mention one significant factor: namely, that the power of executors to manage and control an estate exists *for the protection of creditors and for the purpose of*

*paying expenses and other proper charges against the estate.* The power of an executor to manage and control the real property of the estate is not necessarily inconsistent with and does not necessarily override the power and the right of a devisee to encumber or convey his interest in the real property of the estate. *Demaris v. Barker,* 33 Wash. 200, 74 Pac. 362; *National Bank of Commerce v. Peterson,* 179 Wash. 638, 38 P. (2d) 361; and 86 A. L. R. 400.

■■ Under RCW 11.04.250, the title to realty vests immediately in an heir, as mentioned above, subject to the payment of the debts, expenses and charges against the estate. During the trial of the instant case, no evidence was taken and no contention was made by the appellants in the trial court that the estate of the deceased husband of the lessor was insolvent, or that the rights of creditors were in any way involved. No such contentions were advanced in the briefs or in the argument by counsel for appellants in the present appeal. Considering the record in this case, there is no merit in the contentions that the lease is invalid because the executors were not parties to it, or because it was executed by the devisee without proper authorization or approval of the executors.

The judgment of the trial court should be affirmed. It is so ordered.

DONWORTH, SCHWELLENBACH, ROSELLINI, and FOSTER, JJ., concur.