[No. 12216-6-III.   Division Three.   June 29, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. RODNEY
CONTRERAS, *Appellant.*

2

*Scot D. Stuart, Alan J. Tindell,* and *Law Office of Scot D. Stuart,* for appellant.

*Michael E. McNeff, Prosecuting Attorney,* and *Richard L. Weber, Deputy,* for respondent.

SHIELDS, C.J. — Rodney Contreras pleaded guilty to single counts of first degree escape, unlawful imprisonment, and custodial assault. He appeals the court's disposition, contending it exceeded the 150 percent rule of RCW 13.40-.180(1) because the three crimes were all part of a "single act". We affirm.

The facts are not in dispute. On November 27, 1991, Rodney Contreras pleaded guilty to a charge of conspiracy to commit first degree robbery. He was sentenced to 103 to 129 weeks of commitment. The next day, Mr. Contreras and three other juveniles overpowered Darlene Young, a juvenile detention worker, took her keys, locked her in a recreation area, and left the juvenile detention facility. They were apprehended about 2 hours later.

Mr. Contreras pleaded guilty to one count each of first degree escape, unlawful imprisonment, and custodial assault.

The court sentenced him to a term of 64 to 84 weeks, finding the offenses were not a single act.

The sole question is whether the three offenses were committed as a single act or omission, thus requiring the court to impose a disposition no greater than 150 percent of the term imposed for the most serious offense.

RCW 13.40.180(1) provides:

> Where the offenses were *committed through a single act or omission*, omission, or through an act or omission which in itself constituted one of the offenses and also was an element of the other, the aggregate of all the terms shall not exceed one hundred fifty percent of the term imposed for the most serious offense;

(Italics ours.)

The statute does not define the term "single act". Only two published cases have construed the term within the context of RCW 13.40.180(1), and only one case, *State v. Dorosky*, 28 Wn. App. 128, 622 P.2d 402, *review dismissed*, 96 Wn.2d 1011 (1981), is directly on point.[1] In *Dorosky*, a juvenile was convicted of second degree burglary and first degree theft. As in this case, Mr. Dorosky contended his disposition exceeded the 150 percent rule because the crimes were committed by a single act. The court rejected his argument with the following reasoning: "By their definitions, the crimes of second degree burglary and first degree theft cannot be committed through a single act." *Dorosky*, at 133-34.

Mr. Contreras contends *Dorosky* is not on point. He argues that *Dorosky* was subject to the burglary antimerger statute, RCW 9A.52.050, whereas his crimes did not involve burglary. This argument lacks merit. *Dorosky* never mentioned the antimerger statute; its reasoning was founded on the fundamental definitions of the offenses themselves.

---

[1] In *State v. Ferreira*, 69 Wn. App. 465, 850 P.2d 541 (1993), this court recently determined that crimes involving multiple victims do not constitute a "single act or omission" under the juvenile sentencing provisions of RCW 13.40.180(1). However, *Ferreira* is not on point.

4

■ ■ As in *Dorosky*, the crimes of first degree escape,[2] unlawful imprisonment,[3] and custodial assault,[4] by their definitions, cannot be committed through a single act. Whether Mr. Contreras committed all the crimes by a single act is clearly indicated by the following test: Had he ceased acting when the first crime was complete, would he be guilty of any subsequent crime? In this case, clearly not. The custodial assault was complete when Mr. Contreras overpowered Ms. Young. Had he stopped then, he would not be guilty of unlawful imprisonment or first degree escape. The unlawful imprisonment was not complete until he further acted by locking up Ms. Young. The first degree escape was not complete until he acted still further by leaving the juvenile detention facility. These crimes were not a single act.

■ This interpretation is in harmony with principles of statutory construction. In construing an undefined statutory term, the court will look to the statute as a whole, attempting to construe the term in harmony with other statutory provisions. *In re Piercy*, 101 Wn.2d 490, 492, 681 P.2d 223 (1984); *State v. Brown*, 47 Wn. App. 729, 733, 737 P.2d 288, *review denied*, 108 Wn.2d 1024 (1987). If a criminal statute is ambiguous, the rule of lenity requires that any ambiguity be resolved in favor of the defendant. *State v. Martin*, 102 Wn.2d 300, 304, 684 P.2d 1290 (1984); *Brown*, at 733.

---

[2]RCW 9A.76.110(1) provides:
"A person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony or an equivalent juvenile offense, he escapes from custody or a detention facility."

[3]RCW 9A.40.040(1) provides:
"A person is guilty of unlawful imprisonment if he knowingly restrains another person."

[4]RCW 9A.36.100(1) provides in relevant part:
"A person is guilty of custodial assault if that person is not guilty of an assault in the first or second degree and where the person:
"(a) Assaults a full or part-time staff member or volunteer, any educational personnel, any personal service provider, or any vendor or agent thereof at any juvenile corrections institution or local juvenile detention facilities who was performing official duties at the time of the assault;"

The term "single act", when viewed in light of the statute as a whole, is not ambiguous. Mr. Contreras simply confuses the term "single act", as used in RCW 13.40.180(1), with the term "same course of conduct" used elsewhere in the statute, RCW 13.40.020(6)(a). But certainly "same course of conduct" is a broader term; the courts have defined it as encompassing "an ordered continuing process, succession, sequence, or *series*' " (italics ours) of related acts rather than a single act. *State v. Adcock*, 36 Wn. App. 699, 706, 676 P.2d 1040 (quoting *Webster's Third New International Dictionary* (1969)), *review denied*, 101 Wn.2d 1018 (1984). A single subjective purpose (for example, obtaining money) does not operate to convert two courses of conduct into one. *State v. Calloway*, 42 Wn. App. 420, 424, 711 P.2d 382 (1985).

*State v. Caliguri*, 99 Wn.2d 501, 664 P.2d 466 (1983), which Mr. Contreras relies on to define "single act", actually applies to the broader term "same course of conduct" as it relates to a double jeopardy analysis, and is therefore not on point.

We affirm.

MUNSON and THOMPSON, JJ., concur.

Review granted at 123 Wn.2d 1001 (1994).