[No. 60832-6.    En Banc.    September 29, 1994.]

THE STATE OF WASHINGTON, *Respondent* v. RODNEY CONTRERAS, *Petitioner*.

742

*Scot D. Stuart, Thomas E. Weaver,* and *Alan J. Tindell* (of *Law Offices of Scot D. Stuart*), for petitioner.

*Michael E. McNeff, Prosecuting Attorney,* and *B. Gilbert Luzader, Juvenile Court Deputy,* for respondent.

JOHNSON, J. — Petitioner Rodney Contreras pleaded guilty to single counts of custodial assault, unlawful

imprisonment, and first degree escape. For these crimes, the court sentenced Contreras to the standard range of 64 to 84 weeks in the department of juvenile rehabilitation. Contreras contends the trial court erred by refusing to apply RCW 13.40.180(1), which limits juvenile sentences for multiple crimes to 150 percent of the most serious offense when the offenses were committed "through a single act or omission". The Court of Appeals affirmed Contreras' sentence. We now reverse.

## FACTS

On November 27, 1991, Contreras was sentenced on a charge of conspiracy to commit robbery in the first degree to 103 to 129 weeks of commitment. The following day, Contreras and three other juveniles overpowered two detention workers, throwing them to the floor and then forcing the workers into a recreation area and locking the door. Contreras and the other juveniles then escaped through the back door of the facility. Police apprehended all four juveniles approximately 2 hours later.

On January 15, 1992, Contreras pleaded guilty to custodial assault, unlawful imprisonment, and first degree escape. With Contreras' extensive criminal history, the standard dispositions for both unlawful imprisonment and assault are 30 to 40 weeks, and the disposition for first degree escape is 4 weeks. At the disposition hearing, the trial court sentenced Contreras to a term of 64 to 84 weeks, rejecting Contreras' argument that his sentence was limited by RCW 13.40.180(1) to 150 percent of the term for the most serious offense. The Court of Appeals affirmed, concluding Contreras' crimes did not constitute a single act within the meaning of the statute. *State v. Contreras*, 71 Wn. App. 1, 4, 856 P.2d 397 (1993). Contreras now appeals to this court.

## ANALYSIS

Contreras argues he committed the crimes of custodial assault, unlawful imprisonment, and first degree escape with a single criminal intent and objective — to leave the detention facility — consequently, his crimes constituted a

"single act" within the meaning of RCW 13.40.180(1). The State contends these crimes constituted a series of acts, rather than a single act, and the trial court properly declined to apply RCW 13.40.180(1) to limit Contreras' sentence.

RCW 13.40.180 provides in relevant part:

Where a disposition is imposed on a youth for two or more offenses, the terms shall run consecutively, subject to the following limitations:

(1) Where the offenses were committed through a *single act or omission*, omission, or through an act or omission which in itself constituted one of the offenses and also was an element of the other, the aggregate of all the terms shall not exceed one hundred fifty percent of the term imposed for the most serious offense . . ..

(Italics ours.)

The Legislature did not define the meaning of "single act or omission" within the statute and this court has not yet considered this provision. Only two prior Court of Appeals decisions have addressed this issue and neither case is directly on point.[1]

In the present case, the Court of Appeals adopted a purely temporal test for determining when multiple offenses constitute a single act:

Whether Mr. Contreras committed all the crimes by a single act is clearly indicated by the following test: Had he ceased

---

[1]The first case to consider this question is *State v. Dorosky*, 28 Wn. App. 128, 622 P.2d 402, *review granted*, 95 Wn.2d 1021, *dismissed*, 96 Wn.2d 1011 (1981). The defendant was convicted of second degree burglary, first degree theft, and second degree attempted robbery. He argued the burglary and theft were committed through a single act and his sentence should therefore be limited by the 150 percent rule of RCW 13.40.180(1). The Court of Appeals disagreed, holding, without analysis, "[b]y their definitions, the crimes of second degree burglary and first degree theft cannot be committed through a single act." *Dorosky*, 28 Wn. App. at 133-34.

The second case interpreting RCW 13.40.180(1) is *State v. Ferreira*, 69 Wn. App. 465, 850 P.2d 541 (1993). The defendant was involved in a drive-by shooting during which several shots were fired into a residence. The defendant was convicted of five counts of first degree assault. The defendant argued all the assaults were committed through a single act within the meaning of RCW 13.40.180(1). The Court of Appeals rejected this argument, holding that crimes involving multiple victims cannot be committed through a single act. *Ferreira*, 69 Wn. App. at 473.

acting when the first crime was complete, would he be guilty of any subsequent crime?

*Contreras*, 71 Wn. App. at 4.

The Court of Appeals found the assault was completed before the unlawful imprisonment occurred, and that offense was in turn completed before Contreras escaped from the facility, thus concluding the three offenses were not committed through a single act or omission. *Contreras*, 71 Wn. App. at 4.

Contreras contends the Court of Appeals' interpretation of the phrase "single act or omission" renders RCW 13.40.180(1) inoperative. He argues, under the Court of Appeals' interpretation, there remain no fact patterns to which RCW 13.40.180(1) would apply. The State likewise conceded at trial that under a narrow definition of "single act or omission", it would be difficult "to think of fact situations where [the statute] would appropriately apply . . .." Report of Proceedings (Jan. 29, 1992), at 4.

We agree. The issue of determining the appropriate sentence for multiple offenses committed together is raised in several contexts. The double jeopardy clause of the Fifth Amendment prohibits multiple punishments for the same offense. Similarly, under this State's merger doctrine, when one offense is used to elevate the degree of another offense, the lesser offense merges into the greater offense and cannot be sentenced separately. *See* Joseph P. Bennett, Note, *The "Same Criminal Conduct" Exception of the Washington Sentencing Reform Act: Making the Punishment Fit the Crimes*, 65 Wash. L. Rev. 397, 399-400 (1990) (citing *State v. Vladovic*, 99 Wn.2d 413, 662 P.2d 853 (1983); *State v. Johnson*, 96 Wn.2d 926, 639 P.2d 1332 (1982) (*Johnson* II); *State v. Johnson*, 92 Wn.2d 671, 600 P.2d 1249 (1979) (*Johnson* I), *cert. dismissed*, 446 U.S. 948 (1980)). Under the Court of Appeals' reading of RCW 13.40.180(1), there exist no fact patterns governed by the statute that are not already controlled by principles of double jeopardy and the doctrine of merger. We reject the Court of Appeals' narrow reading of the statute and, instead, look to similar provisions in the juvenile and adult sentencing schemes for guidance.

The principle of protecting a defendant from multiple or overly severe punishments for crimes arising out of one criminal incident also appears in at least two other contexts in Washington criminal laws. First, in addition to the provision at issue here, the Juvenile Justice Act of 1977, RCW 13.40, provides when a juvenile "is convicted of two or more charges arising out of the *same course of conduct*, only the highest charge from among these shall count as an offense for the purposes of [determining a juvenile's criminal history]". (Italics ours.) Former RCW 13.40.020(6)(a). The Legislature did not define "same course of conduct", nor is the phrase used elsewhere in the juvenile justice act or the Sentencing Reform Act of 1981 (SRA), Washington's adult sentencing code. However, in *State v. Calloway*, 42 Wn. App. 420, 711 P.2d 382 (1985), the Court of Appeals equated the phrase "same course of conduct" with the phrase "single course of conduct" used in the Model Sentencing and Corrections Act.

> In both § 3-105, pertaining to enhanced sentencing for persistent offenders, and § 3-107, containing guidelines for imposing concurrent or consecutive sentences, two or more offenses are considered to have been committed as part of a "single course of conduct" if during that conduct "there was no substantial change in the nature of the criminal objective." Model Sentencing and Corrections Act §§ 3-105, 3-107 (1979) (National Conference of Commissioners on Uniform State Laws).

(Footnote omitted.) *Calloway*, 42 Wn. App. at 423-24. The Court of Appeals adopted this test and further explained, "[t]he test for the 'same course of conduct' is an objective one that is not dependent upon the offender's subjective intent, beyond the mental state required for commission of the offense." *Calloway*, 42 Wn. App. at 424.

Because the phrases "same course of conduct" and "single act or omission" share the purpose of limiting a defendant's punishment for crimes arising out of one criminal incident, Contreras urges this court to define "single act or omission" consistent with "same course of conduct". In contrast, the State argues the Legislature's use of different phrases within the same statute demonstrates the Legislature

intended different standards to apply. The State further argues that of the two phrases, "single act or omission" is the more restrictive.

While we would generally agree with the State that the Legislature intended different phrases within the same statute to have different meanings, we agree with the Defendant that in order to give *any* meaning to RCW 13.40.180(1), we must look at the juvenile justice act as a whole and interpret the provision so as to give meaning to all parts of the statute. *See State v. Malone*, 106 Wn.2d 607, 611, 724 P.2d 364 (1986). It is the duty of this court to construe statutes so as to avoid rendering meaningless any word or provision. *In re Estate of O'Brien*, 109 Wn.2d 913, 918, 749 P.2d 154, 81 A.L.R.4th 1111 (1988). Likewise, we must avoid constructions that yield unlikely, strange or absurd consequences. *Homemakers Upjohn v. Russell*, 33 Wn. App. 777, 780, 658 P.2d 27 (1983).

If we read RCW 13.40.180(1) more narrowly than former RCW 13.40.020(6)(a), the definition of "same course of conduct" in *Calloway* would leave no fact patterns covered by the phrase "single act or omission". Moreover, such a reading could present trial courts with a sentencing dilemma. In situations where two or more related crimes would not be a "single act or omission" under RCW 13.40.180(1), and thus would not limit a defendant's sentence, those same crimes could involve the "same course of conduct" under former RCW 13.40.020(6)(a) and would count as a single offense for the purpose of determining the juvenile's criminal history. We believe the Legislature did not intend this strained result and conclude RCW 13.40.180(1) is no more narrow than former RCW 13.40.020(6)(a).

We next compare the phrase "single act or omission" to a similar phrase in the adult sentencing context. The SRA provides when a person is sentenced for two or more crimes, each current offense is counted as a prior offense for the purpose of the offender score, unless the current offenses encompass the *same criminal conduct*, in which case the multiple offenses are counted as one crime. RCW 9.94A-

.400(1)(a). The SRA defines "same criminal conduct" as meaning "two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim". RCW 9.94A.400(1)(a).

A recent Court of Appeals decision analyzed RCW 9.94A.400(1)(a) in a context similar to the facts of this case. *State v. Anderson*, 72 Wn. App. 453, 864 P.2d 1001 (1994). Like Contreras, the defendant in *Anderson* escaped from custody by assaulting a corrections officer. The defendant then took the officer's gun and fled. *Anderson*, 72 Wn. App. at 456-57. On appeal, the issue was whether the assault and escape charges constituted the "same criminal conduct" within the meaning of RCW 9.94A.400(1). Applying the statutory test, the Court of Appeals concluded the offenses occurred at the same time and place, involved only one victim, and involved the same criminal intent. The court held the offenses constituted the same criminal conduct within the meaning of RCW 9.94A.400(1). *Anderson*, 72 Wn. App. at 464.

As with former RCW 13.40.020(6)(a), reading RCW 13.40.180(1) more narrowly than RCW 9.94A.400(1) would lead us to reach strained results. Essentially the same conduct would be considered one offense under the analysis in *Anderson*, but not under the juvenile sentencing provisions. We again reject such a reading. Despite differences in terminology, the tests for determining whether the phrases "same course of conduct" used in the juvenile justice act and "same criminal conduct" used in the SRA are essentially the same. Both focus on the objective intent of the defendant. We hold the same analysis should be applied to the phrase "single act or omission".

Viewing Contreras' crimes under an objective intent standard, we find Contreras committed the offenses of custodial assault, unlawful imprisonment, and first degree escape with the single criminal intent to leave the detention facility. Moreover, the custodial assault and unlawful imprisonment occurred in a very short period of time as part of a continuous act of escape. Consequently, Contreras' offenses constituted a "single act" within the meaning of RCW 13.40.180(1).

Accordingly, we reverse the decision of the Court of Appeals and remand for sentencing consistent with this opinion.

ANDERSEN, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, GUY, and MADSEN, JJ., concur.