Honorable Randall K. Gaylord San Juan County Prosecuting Attorney 350 Court Street PO Box 760 Friday Harbor, WA 98250
Dear Mr. Gaylord:
By letter previously acknowledged, you have requested our opinion on the following paraphrased question:
 Is there sufficient authority to issue a presumptive death certificate pursuant to RCW 70.58.390 when a boater traveling between the United States and Canada is missing and it is unlikely that the body will be recovered, and there is sufficient circumstantial evidence to indicate that the person died as the result of an accident, but it is inconclusive as to whether the accident and death occurred in the United States or in Canada?
 BRIEF ANSWER
For the reasons described more fully below, we conclude that the issuance of a presumptive death certificate depends upon an exercise of discretion by the county coroner, prosecutor, or medical examiner. State law permissively authorizes the issuance of a certificate when sufficient circumstantial evidence supports a determination that an individual has died as the result of an accident or natural disaster within the boundaries of the county or in waters in close proximity to the county. However, when it is unclear whether the death occurred in the county or in a neighboring jurisdiction, the county official can issue the death certificate only when the individuals were last seen alive in the county and the circumstantial evidence supports an inference that the events causing death may have occurred in the county.
 BACKGROUND
You posed your question with regard to two somewhat different factual situations. Both of these situations involve the territorial scope of state law, and so it may be helpful to note briefly the geography of the area. San Juan County is composed entirely of islands, located in the channel that separates mainland Washington from Vancouver Island, British Columbia. RCW36.04.280. The county lies adjacent to Canadian territory, with the boundary following the international border through the Gulf of Georgia, Haro Strait, and the Strait of Juan de Fuca. Id. The territory of the county therefore includes the water surrounding the San Juan Islands; Canadian waters lie immediately to the north and west.
As you explain, travel by recreational boaters between ports in San Juan County and Canada is common. The waters are deep and the currents strong. It is therefore not uncommon that when a person drowns in the waters near the international border that a body may never be recovered, particularly if the person did not wear a personal flotation device.
You describe two incidents as follows:
 SCENARIO 1 In June 1997, a boat carrying two people set sail from Bedwell Harbor, British Columbia, Canada, bound for Friday Harbor, San Juan County, Washington. The two boaters were last seen in Canadian waters traveling south toward U.S. waters. The next day the boaters did not show up for a scheduled appointment.
 After searching for three days, rescuers found small portions of debris identified as belonging to their vessel. The debris washed ashore on Moresby Island, in the Canadian Gulf Islands, approximately five miles north of the Canada/United States border.
 SCENARIO 2 In your second scenario, a boater departed in a skiff at night from a port located in San Juan County, specifically Deer Harbor on Orcas Island. The next day, someone found the skiff floating empty and out of gas in Canadian waters. A search was made but no body was found within a period of a year.
 DISCUSSION
Your question concerns the application of a state statute providing authority for the issuance of a certificate of presumed death. The statute reads as follows:
 A county coroner, medical examiner, or the prosecuting attorney having jurisdiction may issue a certificate of presumed death when the official issuing the certificate determines to the best of the official's knowledge and belief that there is sufficient circumstantial evidence to indicate that a person has in fact died in the county or in waters contiguous to the county as a result of an accident or natural disaster, such as a drowning, flood, earthquake, volcanic eruption, or similar occurrence, and that it is unlikely that the body will be recovered. The certificate shall recite, to the extent possible, the date, circumstances, and place of the death, and shall be the legally accepted fact of death.
 In the event that the county in which the death occurred cannot be determined with certainty, the county coroner, medical examiner, or prosecuting attorney in the county in which the events occurred and in which the decedent was last known to be alive may issue a certificate of presumed death under this section.
 The official issuing the certificate of presumed death shall file the certificate with the state registrar of vital statistics, and thereafter all persons and parties acting in good faith may rely thereon with acquittance.
RCW 70.58.390.
This statute authorizes a county coroner, medical examiner, or prosecuting attorney[1] to issue a certificate of presumed death under circumstances described in the statute. The statute indicates several elements that must exist in order for the county official to certify the presumed death. First, there must exist sufficient circumstantial evidence to believe that the person has died. Id. Second, the death must have occurred "in the county or in waters contiguous to the county." Id. Finally, the death must have been caused by "an accident or natural disaster, such as drowning. . . ." Id.
Both the first and third of these elements are not at issue in this opinion. Under both scenarios, the appropriate county official could conclude that the person has died. Similarly with regard to the third element, the circumstances allow the county official to conclude that the death was caused by accident, most likely drowning.[2]
Our analysis therefore must concern the second element, that the death must have occurred "in the county or in waters contiguous to the county." RCW 70.58.390. We must therefore determine what meaning to ascribe to this phrase, and how to apply it when it is unclear whether the death occurred in the county or in Canada.[3]
It seems clear that the phrase "in the county or in waters contiguous to the county" does not simply refer to the waters that surround the San Juan Islands but which lie within the county boundaries as described by RCW 36.04.280. As a maxim of statutory construction, statutes are to be construed in such a way as to leave no part of them ineffective or redundant. Cox v. Helenius,103 Wn.2d 383, 387-88, 693 P.2d 683 (1985). If the reference to waters contiguous to the county were merely construed to mean the water that surrounds the islands but within the county's borders, the phrase would simply be redundant. We believe, therefore, that the Legislature intended the reference to contiguous waters to empower county officials to legally resolve the question of death, even when under certain circumstances the precise location of death may be unknowable.
"Contiguous" can be defined to mean, "in close proximity." Black's Law Dictionary 320 (6th Ed. 1990). Synonyms include "neighboring" and "adjoining." Id.[4] The court of appeals has noted that the word can vary in its precise meaning depending upon the context in which it is used. Utilities and Transportation Commission v. United Cartage, Inc., 28 Wn. App. 90, 96, 621 P.2d 217 (1981) (upholding an administrative decision that the cities of Seattle and Bellevue are not contiguous within the meaning of a specific statute). The concept of immediate proximity seems reasonably inherent in the term, however, and we believe it to be the essence of the concept expressed by the statute. Id.
We therefore conclude that, in context, the statutory reference to "waters contiguous to the county" reflects a legislative intent to permit a county official to issue a certificate of presumed death when there is sufficient circumstantial evidence upon which to conclude that the death occurred either within the county or in waters in close proximity to the county.
We also observe that the statute is phrased permissively, providing that the official "may" issue the certificate. Additionally, it predicates the issuance of a presumptive death certificate upon the official's determination, based upon "the best of the official's knowledge and belief," that a death has occurred under the conditions described in the statute. RCW70.58.390. This indicates an element of discretion, under which the official can exercise judgment as to whether the known facts provide a sufficient basis upon which to conclude that the death likely occurred in or sufficiently near the county to justify the exercise of the county's authority.
The exercise of that discretion, nevertheless, is limited by one other statutory provision. The statute provides guidance in the case of situations in which it is unclear in which county the person died. The Legislature specified that, "if the county in which the death occurred cannot be determined with certainty, the county [official] in the county in which the events occurred and in which the decedent was last known to be alive may issue a certificate of presumed death under this section." RCW 70.58.390
(second paragraph).[5]
This language establishes that in case of doubt as to where the person died, the certificate can be issued by the county in which the events occurred and in which the decedent was last known to be alive. Id. For example, if it were known that a person suffered from an accident or natural disaster in one county, and was last seen alive in that county, but it is not positively known whether the person died in that county or elsewhere, then this requirement of the statute would be satisfied.
The problem under the facts of both of your scenarios, however, is what meaning to attach to the phrase "in which the events occurred." It is known, in both of your scenarios, where the decedent was last seen alive. In your first scenario, the decedents were last seen alive in British Columbia, on Canadian waters bound for the United States. The facts provide no specific indication that they ever reached American waters, and the circumstantial evidence suggests that perhaps they did not. In the second scenario, the decedent was last seen departing a port in San Juan County, although the boat was found in Canadian waters.
The statute is phrased in the conjunctive, requiring that when the location of death is unknown, both the "events" of the death and the last known location of the person while alive must be in the county. The circumstantial evidence of the events causing the death in both of your scenarios are sketchy. The circumstances suggest a basis for presuming death by drowning. In the first scenario both the last sighting of the boaters and the location where the wreckage washed ashore were in Canada, indicating an absence of any circumstantial evidence of events taking place in the county. In your second scenario, the only known events occurred within the county, specifically the departure of the boat.
The statute therefore suggests that, in your first scenario, the county official would lack the authority to issue a certificate of presumed death, because there is no indication that any of the events leading to the death occurred in San Juan County, and the decedents were last known to be alive in British Columbia. In such a case, we do not understand the statute to permit San Juan County to issue a certificate of presumed death, unless additional facts were added which tied the death to the county in some way not evident from the scenario you described.
On the other hand, in your second scenario, the decedent was last known to be alive in San Juan County. Facts surrounding the events of death are unknown, except that the person was last seen departing a port in the county, and the boat was found out of gas in Canadian waters. The latter fact is consistent with the conclusion that the boat may have continued after the individual died until running out of gas some distance away. These facts suggest a nexus with San Juan County that arguably supports the issuance of a death certificate by a county official. However, we emphasize again the need for county officials to exercise discretion in analyzing all the evidence available in a particular case.
We trust that this opinion will be of assistance.[6]
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
JEFFREY T. EVEN Assistant Attorney General
[1] Which official performs this function will vary from county to county. In a county with a population of less than forty thousand, no coroner is elected, and the county prosecutor acts as exofficio coroner. RCW 36.16.030. Counties with populations of two hundred fifty thousand or more may elect to replace the office of coroner with a medical examiner. Id. In this opinion we therefore refer generically to the appropriate "county official," with the understanding that this will be a different official in different counties.
[2] In order for the authority to issue a certificate of presumed death to arise, the cause must be one of those listed in the statute. Specifically, this means either accident or natural disaster. Prior to the enactment of RCW 70.58.390, we concluded that county officials lacked the statutory authority to issue a certificate of presumed death when circumstantial evidence indicates that a person has died, but when no body is found. AGO 1980 No. 15, at 1. That opinion, issued to the Clark County Prosecutor, concerned individuals believed to have died as the result of the eruption of Mt. St. Helens on May 18, 1980. Id. at 1, n. 1.
At its next session after the issuance of that opinion, the Legislature enacted RCW 70.58.390. Laws of 1981, c 176, § 1. As we noted in a later opinion, the Legislature did so in response to the conclusion of our 1980 formal opinion. AGO 1992 No. 6, at 3 n. 1 (citing the Senate Committee Report on SSB 3006 (1981)). We therefore reasoned that, "when considered against the backdrop of preexisting law (that no authority whatsoever exists for issuance of presumptive death certificates), it is clear that the Legislature intended to grant such authority only under the conditions specified, i.e., where death is caused by accident or natural disaster." Id. at 3. It therefore follows that, as to your question as well, if RCW 70.58.390 does not authorize the issuance of a certificate of presumed death, then that authority can not be found elsewhere.
[3] We note that the legislative committee files concerning the enactment of RCW 70.58.390, housed in the State Archives, do not mention this phrase and therefore provide no indication as to legislative intent.
[4] The definition in Black's Law Dictionary also includes other alternative definitions less readily applicable to the statute at issue.
[5] A narrow interpretation of this language would lead to the application of the second paragraph only where it is known that the person died in the state, but not clear in which county the death occurred. There is no reason to adopt such a strict interpretation, however. Many Washington counties have water boundaries with neighboring states, with Canada, or with the open Pacific Ocean, as well as with each other, and we read the statute to apply to all "contiguous waters." Statutes should be interpreted in a way that avoids unlikely, strange, or absurd consequences. State v. Contreras, 124 Wn.2d 741, 747,880 P.2d 1000 (1994). This paragraph reasonably serves to require some reasonable factual nexus to the county before the county official can exercise authority, rather than simply authorizing the issuance of a death certificate if the death seems to have occurred nearby.
[6] As a final matter, we note the potential for concern regarding the fact that your questions involve not merely uncertainty as to the county in which the deaths occurred, but uncertainty as to whether the individuals may have actually died in Canada. British Columbia has enacted its own statutes regarding the certification of an individual's presumed death. R.S.B.C., c 444, § 3 (1996). The provincial statute, however, differs from ours in that it involves a judicial inquiry. Id. The potential application of both the Washington and British Columbia statutes might raise an issue as to whether Washington, or British Columbia, should give full faith and credit to the actions of the other sovereign. See Tonga Air Service, Ltd. v. Fowler, 118 Wn.2d 718, 826 P.2d 204 (1992) (enforcing in Washington a judgment entered by the Supreme Court of Tonga); See also In re Marriage of Verbin, 92 Wn.2d 171,182-84, 595 P.2d 905 (1979) (discussing the enforcement of a foreign judgment in Washington). This is a different question, however, than whether the county official has the authority to issue the certificate. We merely conclude that RCW 70.58.390
authorizes a county official in Washington to issue a certificate of presumed death if the facts provide a basis upon which to conclude that the death occurred either in the county or reasonably proximate to the county. We offer no opinion as to whether another jurisdiction would be compelled to honor that certificate.