[No. 23446-7-II.   Division Two.   July 16, 1999.]

GERALD D. ARNOLD, *Appellant*, v. ROLAND E. MOORE, *Respondent*.

*Thomas George Krilich* of *Thompson, Krilich, Laporte, West, & Lockner,* for appellant.
*Alan Neil Rasmussen,* for respondent.

MORGAN, J. — This case involves a real estate contract. The question is whether the seller had a duty to notify a transferee of the purchaser's interest, of whom the seller had actual knowledge, of the seller's intent to forfeit the purchaser's interest. In our view, the answer is yes.

In 1984, Roland E. Moore sold the Tipperary Tavern to William O. Price. The sale was by real estate contract. Moore retained a seller's interest. Hereafter, we refer to the tavern as "the property."

In 1991, William Price sold his interest in the property to Carol Gager. The sale was by real estate contract. Price retained a seller's interest in the Price-Gager contract, and a part of his purchaser's interest in the Moore-Price contract.

In 1993, William Price died. He left a will devising his interest in the property to his children, Kenneth Price and Patricia Russell. The will was admitted to probate, and Kenneth was named personal representative.

In October 1994, Russell assigned to Gerald D. Arnold, the plaintiff, her undivided one-half share of William Price's interest in the property.[1] In August 1995, documents disclosing the assignment were filed in the William Price probate file. In April 1996, Kenneth Price assigned his undivided one-half share to Arnold.

---

[1] The parties do not question Russell's ability to make this assignment, even though the William Price probate was still pending. *See* RCW 11.04.250; *Kerns v. Pickett,* 49 Wn.2d 770, 773, 306 P.2d 1112 (1957); *National Bank of Commerce v. Peterson,* 179 Wash. 638, 643, 38 P.2d 361 (1934); *Demaris v. Barker,* 33 Wash. 200, 206, 74 P. 362 (1903).

In July 1996, the county started tax foreclosure proceedings. It notified Arnold as well as Moore.

In November 1996, Arnold called the county to obtain a payoff figure for the overdue taxes. The county told him that Moore had paid the taxes earlier the same day. It also gave him the phone number of Moore's attorney.

A few minutes later, Arnold called the office of Moore's attorney. He explained to someone there that he had an interest in the property, and that he wanted to pay the overdue taxes. He left his address and his phone numbers. He also obtained Moore's phone number.

Still on the same day, Arnold spoke to Moore. According to Arnold's later declaration, Moore

> seemed not to be interested in my intentions or who I was. I explained everything to him fully, and told him that I would reimburse him at once for all of the taxes, interest and other monies he could substantiate that were due and owing. I also gave him my home address and both of my phone numbers.[2]

Over the next few months, Arnold left several messages for Moore, but Moore did not respond.

In December 1996, Moore's attorney reviewed the William Price probate file. At that time, the file showed that Russell had assigned her interest in the property to Arnold, and that the personal representative had distributed Russell's interest to Arnold.

In January 1997, Moore recorded a notice of intent to forfeit the real estate contract between him and William Price. Although he served the notice on Kenneth Price and Patricia Russell, he did not serve it on Arnold.

In April 1997, Moore recorded a declaration that purported to forfeit William Price's interest in the property. In June 1997, Arnold sued to void the declaration. He claimed that he was entitled to notice of Moore's intent to forfeit, and that he had not received such notice.

---

[2]Clerk's Papers at 67.

In January 1998, Moore moved for summary judgment. He did not dispute that Arnold had not received notice, but he did claim that Arnold was not entitled to notice. In June 1998, the trial court granted the motion, and Arnold filed this appeal.

A seller may forfeit the purchaser's rights under a real estate contract only if the seller "giv[es] and record[s] the required notices."[3] The seller must give the "required notices" to "each purchaser last known to the seller," and to "each person who, at the time the notice of intent to forfeit is recorded, is the last holder of record of a purchaser's interest."[4] If the seller does not give the required notices, the purported forfeiture is "void"[5] and may be set aside at the behest of any "person entitled to be given the required notices."[6]

Arnold contends he was entitled to notice because he was a "purchaser last known" to Moore. Alternatively, he contends he was entitled to notice because he was a "holder of record." We do not reach the second contention, because the first is dispositive. In addressing the first, we consider (1) whether Arnold was a "purchaser," and (2) whether Arnold was a purchaser "last known" to Moore.

I

■ RCW 61.30.010(7) defines the term "purchaser." It provides:

[The term] "[p]urchaser" means the person denominated in a real estate contract as the purchaser of the property or an interest therein or, if applicable, the purchaser's successors or assigns in interest to all or any part of the property, whether by voluntary or involuntary transfer or transfer by operation

---

[3]RCW 61.30.020(1). The "required notices" are a notice of intent to forfeit and a declaration of forfeiture. RCW 61.30.050-.070.

[4]RCW 61.30.040(1).

[5]*Id.*

[6]RCW 61.30.140(2).

of law. If the purchaser's interest in the property is subject to a proceeding in probate, a receivership, a guardianship, or a proceeding under the federal bankruptcy laws, "purchaser" means the personal representative, the receiver, the guardian, the trustee in bankruptcy, or the debtor in possession, as applicable. However, "purchaser" does not include an assignee or any other person whose only interest or claim is in the nature of a lien or other security interest.

Here, William Price was the person denominated in the original Moore-Price contract. Russell was his successor by operation of law. Arnold was Russell's assignee by voluntary transfer. Accordingly, Arnold was a "purchaser" within the meaning of RCW 61.30.010(7).

In reaching this conclusion, we necessarily rule that the second sentence of RCW 61.30.010(7) has no impact on Moore's duty to give notice to Arnold. To explain why, we return to the statute.

RCW 61.30.010(7) uses the word "purchaser" inconsistently. Its first sentence provides, " *'Purchaser'* means the person denominated in a real estate contract as the purchaser of the property or an interest therein or, if applicable, the purchaser's successors or assigns in interest to all or any part of the property, whether by voluntary or involuntary transfer or transfer by operation of law." Its third sentence provides, " *'[P]urchaser'* does not include an assignee or any other person whose only interest or claim is in the nature of a lien or other security interest." Where we have added bold print, the word "purchaser" clearly means not only the original buyer, but also the original buyer's successors and assignees.[7] Where we have

---

[7]This is self-evident in the first sentence, which states that "the term 'purchaser' means the person denominated in a real estate contract . . . or, if applicable, . . . successors or assigns . . . ." It is evident in the third sentence because, if the term "purchaser" did not encompass successors and assigns, it would be unnecessary to exclude from the meaning of that term those assignees "whose only interest or claim is in the nature of a lien or other security interest."

added underlining, the word "purchaser" clearly means the original buyer *only*.[8]

Arguably, this inconsistency affects the statute's second sentence. That sentence provides in part, "If the *purchaser's* interest in the property is subject to a proceeding in probate . . . , *'purchaser'* means the personal representative . . . , as applicable." At the places we have italicized, did the legislature intend the word "purchaser" to mean successors and assigns as well as the original buyer? Or, did the legislature intend the word "purchaser" to mean the original buyer *only*?

The former meaning is rational, while the latter meaning is absurd. Suppose, for example, that A sells property to B on a real estate contract. A retains a seller's interest, and B acquires a purchaser's interest. B then sells his purchaser's interest to C on a real estate contract. B retains a seller's interest under the B-to-C contract, and a part of his purchaser's interest under the A-to-B contract. C acquires a purchaser's interest under the B-to-C contract, and a part of the purchaser's interest under the A-to-B contract. B dies, and A wants to forfeit B's interest. A has actual knowledge of C's interest. If we read the italicized word "purchaser" as including successors and assignees, A must give notice to C and to B's personal representative. If we read the italicized word "purchaser" as including the original purchaser *only*, A can forfeit C's interest, of which A has actual knowledge, without giving notice to C; A will have to give notice only to B's personal representative. The former construction is sensible, because it makes C's right to notice depend, as it should, on the nature of C's interest and A's knowledge. The latter construction is absurd, because there is no reason, in either logic or fairness, why C's right to notice should depend on whether B is alive when A wants to forfeit. Adopting the former construc-

---

[8]Absent the inconsistency we are discussing, the first sentence would read, "The term 'purchaser' means the person denominated in a real estate contract as the person who is acquiring the property or an interest therein, or, if applicable, that person's successors or assigns in interest to all or any part of the property, whether by voluntary or involuntary transfer or transfer by operation of law."

tion,[9] we hold that the second sentence of RCW 61.30.010(7) requires a seller to give notice to the personal representative of a "purchaser" (meaning an original buyer, successor, or assignee) whose interest is subject to probate. We further hold that the second sentence does not affect a seller's duty to give notice to a "purchaser" (again meaning an original buyer, successor, or assignee) who has not died. Here, then, the second sentence had no effect on Moore's duty to give notice to Arnold, and Arnold was a "purchaser" for the reasons already discussed.

## II

To be a purchaser "last known" to a seller, one must be known to the seller as a present holder of all or part of the purchaser's interest. Here, it is undisputed that Arnold told Moore of his interest in the property before Moore recorded his notice of intent to forfeit. It is undisputed that Arnold gave Moore his address, home phone number, and business phone number. It is also undisputed that Moore's attorney examined the William Price probate file at a time when that file showed that Russell had assigned her interest to Arnold, and that Kenneth Price, the personal representative, had distributed Russell's interest to Arnold. We conclude that Arnold was a "purchaser last known" to Moore; that Arnold was entitled to notice from Moore; and that Arnold is entitled to void the declaration of forfeiture filed by Moore.

Reversed.

HOUGHTON and HUNT, JJ., concur.

---

[9]*In re Custody of Smith*, 137 Wn.2d 1, 8, 969 P.2d 21 (1998) (statute should not be construed in a way that results in absurd or strained consequences) (citing *Duke v. Boyd*, 133 Wn.2d 80, 87, 942 P.2d 351 (1997)); *State v. Contreras*, 124 Wn.2d 741, 747, 880 P.2d 1000 (1994) (same); *State v. Stannard*, 109 Wn.2d 29, 36, 742 P.2d 1244 (1987) (same); *State v. Burke*, 92 Wn.2d 474, 478, 598 P.2d 395 (1979) (same).