207 P.3d 1273 (2009)
STATE of Washington, Respondent,
v.
S.S.Y.,[] Appellant.
No. 37250-9-II.
Court of Appeals of Washington, Division 2.
May 27, 2009.
*1274 Kathleen Proctor, Pierce County Prosecuting Atty. Office, Tacoma, WA, for Respondent.
Rebecca Wold Bouchey, Attorney at Law, Mercer Island, WA, for Appellant.
QUINN-BRINTNALL, J.
¶ 1 The Pierce County Juvenile Court imposed a disposition of 206 to 258 weeks on S.S.Y. after finding that he committed first degree assault and first degree robbery. S.S.Y. attacked S.C., violently kicking him in the head and ribs and punching him in the eye. S.C. is blind in one eye as a result of the attack. In addition, S.S.Y. stomped on S.C.'s hand, causing the boy to release his MP3 player, which S.S.Y. then stole. The juvenile court sentenced S.S.Y. to two full-term, consecutive sentences for first degree assault (count I) and first degree robbery (count II).
¶ 2 On appeal, S.S.Y. argues that the two offenses merge and that the juvenile court was required to impose a 50 percent lower total sentence under RCW 13.40.180(1). We reject S.S.Y.'s claim that his right to be free from double jeopardy was violated by his assault and robbery convictions, but we remand to the juvenile court to consider whether RCW 13.40.180(1) entitles S.S.Y. to a reduced sentence.

ANALYSIS

Double Jeopardy
¶ 3 S.S.Y. argues that his assault and robbery charges merge for double jeopardy purposes because the assault elevated the robbery from second to first degree.[1] Because the legislature expressed its intent to punish both crimes separately by enacting RCW 13.40.180(1), we disagree. S.S.Y.'s sentence does not violate the prohibition on double jeopardy.
¶ 4 We review double jeopardy questions de novo. State v. Freeman, 153 Wash.2d 765, 770, 108 P.3d 753 (2005). The State may bring multiple charges arising *1275 from the same criminal conduct in a single proceeding. State v. Michielli, 132 Wash.2d 229, 238-39, 937 P.2d 587 (1997). But trial courts may not enter multiple convictions for the same offense without offending double jeopardy. State v. Vladovic, 99 Wash.2d 413, 422, 662 P.2d 853 (1983). At issue in any double jeopardy analysis is whether the legislature intended to impose multiple punishments on two or more convictions. In re Orange, 152 Wash.2d at 815-16, 100 P.3d 291.
¶ 5 We apply the merger doctrine to determine whether the legislature intended to treat two crimes as one offense for double jeopardy purposes. State v. Frohs, 83 Wash. App. 803, 811, 924 P.2d 384 (1996). Crimes merge when proof of one is necessary to prove an element or the degree of another crime. Vladovic, 99 Wash.2d at 419, 662 P.2d 853. Thus, merger applies only where the legislature has clearly indicated that in order to prove a particular degree of a crime (e.g., first degree felony murder), the State must prove both that the defendant committed that crime (e.g., murder) and that the crime was accompanied by an act that is defined as a crime elsewhere (e.g., kidnapping). Vladovic, 99 Wash.2d at 420-21, 662 P.2d 853.
¶ 6 If a defendant is convicted of two crimes and one elevates the other, the second conviction will stand if that conviction is based on "some injury to the person or property of the victim or others, which is separate and distinct from and not merely incidental to the crime of which it forms an element." State v. Johnson, 92 Wash.2d 671, 680, 600 P.2d 1249 (1979), cert. dismissed, 446 U.S. 948, 100 S.Ct. 2179, 64 L.Ed.2d 819 (1980), overruled in part on other grounds by State v. Sweet, 138 Wash.2d 466, 980 P.2d 1223 (1999); see also Freeman, 153 Wash.2d at 777-78, 108 P.3d 753. Further, multiple punishments for crimes that appear to merge will not violate the prohibition on double jeopardy if the legislature expressed its intent to punish each crime separately. Freeman, 153 Wash.2d at 778, 108 P.3d 753. One, but not the only, method by which the legislature expresses its intent to punish crimes separately is by enacting an anti-merger statute. State v. Bonds, 98 Wash.2d 1, 15-16, 653 P.2d 1024 (1982) (holding that crimes did not merge because burglary anti-merger statute clearly expressed legislature's intent to punish a single act with multiple convictions and doing so did not violate double jeopardy), cert. denied, 464 U.S. 831, 104 S.Ct. 111, 78 L.Ed.2d 112 (1983).
¶ 7 S.S.Y. argues that, in this case, the crime of first degree assault merges with the robbery because it elevated the general crime of robbery to first degree robbery. The State charged S.S.Y. with first degree assault under RCW 9A.36.011(1), in which "[a] person is guilty of assault in the first degree if he or she, with intent to inflict great bodily harm ... (c) [a]ssaults another and inflicts great bodily harm." (Emphasis added.) The State charged S.S.Y. with first degree robbery on the theory that when he committed the robbery, he "inflict[ed] bodily injury." RCW 9A.56.200(1)(a)(iii). Assuming that the State was required to prove that S.S.Y. committed the assault in furtherance of the robbery, the merger doctrine would apply. See Freeman, 153 Wash.2d at 778, 108 P.3d 753 (holding that the State must prove that the assaults furthered the robberies under the facts of those consolidated cases). But if the State was not required to prove that S.S.Y. blinded S.C. in furtherance of the robbery, then the merger doctrine does not apply to the convictions at issue here and they do not violate double jeopardy. See Johnson, 92 Wash.2d at 680, 600 P.2d 1249.
¶ 8 S.S.Y. argues that Freeman mandates merger. The Freeman court held that "[u]nder the merger rule, assault committed in furtherance of a robbery merges with robbery and without contrary legislative intent or application of an exception," multiple punishments for these crimes would violate double jeopardy. 153 Wash.2d at 778, 108 P.3d 753. But the Freeman court also held that the two crimes do not merge under the Sentencing Reform Act of 1981(SRA), ch. 9.94A RCW, because the legislature expressed its intent to punish the crimes separately under the SRA: first degree assault is punished more severely than first degree robbery committed in furtherance of an assault. 153 Wash.2d at 778, 108 P.3d 753.
¶ 9 S.S.Y. argues that the legislature punishes both his assault and robbery dispositions *1276 identically under the Juvenile Justice Act of 1977, ch. 13.40 RCW, and therefore the "contrary legislative intent" rationale in Freeman does not apply to juvenile adjudications and the assault and robbery merge. The legislature, however, expressed its intent to punish these offenses separately under RCW 13.40.180 of the Juvenile Justice Act. That statute provides:
Where a disposition is imposed on a youth for two or more offenses, the terms shall run consecutively, subject to the following limitations:
(1) Where the offenses were committed through a single act or omission, omission, or through an act or omission which in itself constituted one of the offenses and also was an element of the other, the aggregate of all the terms shall not exceed one hundred fifty percent of the term imposed for the most serious offense.
RCW 13.40.180 (emphasis added). If S.S.Y.'s assault on S.C. furthered his robbery, then the emphasized clause of RCW 13.40.180(1) addresses the present situation: S.S.Y.'s act of physically attacking S.C. "constituted one of the offenses," first degree assault, and "also was an element of the other," first degree robbery. RCW 13.40.180(1). Applying this statute to S.S.Y.'s offenses, the legislature clearly expressed its intent to punish both of these offenses separately even if they might otherwise merge. Because double jeopardy analysis focuses on whether the legislature intended separate punishments and it is clear that the legislature intends separate punishments here, S.S.Y.'s sentence does not offend the prohibition on double jeopardy. See Freeman, 153 Wash.2d at 778, 108 P.3d 753; Bonds, 98 Wash.2d at 15-16, 653 P.2d 1024. S.S.Y.'s double jeopardy rights were not violated by his assault and robbery adjudications and the juvenile court was required to enter a separate disposition on each.

Dispositional Reduction
¶ 10 S.S.Y. also argues that, even if both convictions stand, the juvenile court was required to impose a disposition in accord with RCW 13.40.180. We agree.
¶ 11 Under RCW 13.40.180:
Where a disposition is imposed on a youth for two or more offenses, the terms shall run consecutively, subject to the following limitations:
(1) Where the offenses were committed through a single act or omission, omission, or through an act or omission which in itself constituted one of the offenses and also was an element of the other, the aggregate of all the terms shall not exceed one hundred fifty percent of the term imposed for the most serious offense.
(Emphasis added.) The test for determining whether the phrase "single act or omission" applies to the facts of the case is the same test as determining "same criminal conduct" in adult sentencing. State v. Contreras, 124 Wash.2d 741, 747-48, 880 P.2d 1000 (1994). That is, the juvenile court must determine whether the two crimes "require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a).

A. Same Criminal Conduct
¶ 12 In briefing, both parties argue about whether S.S.Y.'s crimes are the same criminal conduct and therefore whether, as a matter of law, S.S.Y. is entitled to a disposition reduction under the first clause of RCW 13.40.180(1) relating to two or more crimes that constitute a "single act or omission." See Contreras, 124 Wash.2d at 747-48, 880 P.2d 1000 (same criminal conduct analysis applies to this clause). But S.S.Y.'s offenses were not the same criminal conduct.
¶ 13 It is undisputed that the assault and robbery occurred at the same time and place and involved the same victim. S.S.Y. argues that the two offenses also involved the same intent because "[t]he objective intent for both [crimes] was to get possession of the MP3 playerthe assault was committed to force [S.C.] to release the MP3 player he was holding." Br. of Appellant at 8. But S.S.Y. is arguing subjective, not objective, intent. We note that the juvenile court did not find that S.S.Y. assaulted S.C. in order to rob him the parties never asked the court to resolve that question. Moreover, to determine whether the intent for each crime was the same, we objectively view the elements of each underlying statute and determine whether the required intents are the same or *1277 different for each count. State v. Price, 103 Wash.App. 845, 857, 14 P.3d 841 (2000) (citing State v. Hernandez, 95 Wash.App. 480, 484, 976 P.2d 165 (1999)), review denied, 143 Wash.2d 1014, 22 P.3d 803 (2001). We inquire into the defendant's subjective intent with respect to each count only if the statutes require the same mental state. Price, 103 Wash.App. at 857, 14 P.3d 841 (citing Hernandez, 95 Wash.App. at 484, 976 P.2d 165). They do not.
¶ 14 The intent required for first degree assault is the "intent to inflict great bodily harm." RCW 9A.36.011(1). The intent required for any degree of robbery is the intent to steal. RCW 9A.56.190; State v. Kjorsvik, 117 Wash.2d 93, 98, 812 P.2d 86 (1991). Even if, as here, the State charged S.S.Y. with first degree robbery by causing bodily injury, "[i]ntent to cause bodily injury is not an element of [first degree] robbery." State v. Decker, 127 Wash.App. 427, 431, 111 P.3d 286 (2005) (citing State v. McCorkle, 88 Wash.App. 485, 501, 945 P.2d 736 (1997), affirmed, 137 Wash.2d 490, 973 P.2d 461 (1999)), review denied, 156 Wash.2d 1012, 132 P.3d 145 (2006). Thus, the objective statutory intents for S.S.Y.'s adjudications differ. As a matter of law, these two crimes are not a "single act or omission" under RCW 13.40.180(1). And, therefore, we will not inquire into S.S.Y.'s belated assertion that he had a single subjective intent in assaulting and then robbing S.C. See Price, 103 Wash. App. at 857, 14 P.3d 841 (citing Hernandez, 95 Wash.App. at 484, 976 P.2d 165).
¶ 15 S.S.Y. also claims that his counsel was ineffective for failing to raise this argument at disposition. But S.S.Y.'s counsel did not provide ineffective assistance by failing to raise this argument at disposition because the argument fails as a matter of law. See State v. McFarland, 127 Wash.2d 322, 334-35, 899 P.2d 1251 (1995).

B. First Offense Element of Second Offense
¶ 16 Next, S.S.Y. argues that the juvenile court should have reduced his disposition under the second clause of RCW 13.40.180(1), which mandates a term reduction "[w]here the offenses were committed... through an act or omission which in itself constituted one of the offenses and also was an element of the other."[2]
¶ 17 We have found no case law interpreting or applying the second clause of RCW 13.40.180(1). Both parties seem to believe that the case law relating to the first clause, "single act or omission," applies to the second clause as well. We disagree. In Contreras, 124 Wash.2d at 747-48, 880 P.2d 1000, our Supreme Court held that "single act or omission" in the Juvenile Justice Act has the same meaning as "same criminal conduct" in the SRA and, therefore, case law relating to the latter applies to the former. But the Contreras court did not address the statute's second clause, which stands independently from the first, and we have found no other case law interpreting it. See 124 Wash.2d at 747-48, 880 P.2d 1000. The statute is plainly written, however, and we therefore apply that plain language to the facts of this case. State v. M.C., 148 Wash.App. 968, 971, 201 P.3d 413 (2009) ("An unambiguous statute is not subject to judicial construction.") (citing State v. Watson, 146 Wash.2d 947, 954-55, 51 P.3d 66 (2002)); see also State v. Roggenkamp, 153 Wash.2d 614, 624-25, 106 P.3d 196 (2005) (we presume that the legislature does not include superfluous language in a statute).
¶ 18 Here, the juvenile court found S.S.Y. guilty of two offenses that both stemmed from his attack on S.C. S.S.Y. kicked S.C. in the head and ribs and punched him in the eye. S.S.Y. stomped on S.C.'s hand, causing him to release his hold on the MP3 player. S.S.Y. then stole S.C.'s MP3 player. The juvenile court found that S.S.Y.'s actions injured S.C. in several ways. S.C. bled, had "goose egg" bumps on his head and scrapes on his hands and feet, and was rendered legally blind in one eye as a result of the attack. Clerk's Papers at 31. For these acts, the State charged S.S.Y. with first degree assault under RCW 9A.36.011(1), in which "[a] person is guilty of assault in the *1278 first degree if he or she, with intent to inflict great bodily harm ... (c) [a]ssaults another and inflicts great bodily harm." It also charged S.S.Y. with first degree robbery on the theory that when he committed the robbery, he "inflict[ed] bodily injury" through an assault. RCW 9A.56.200(1)(a)(iii); Freeman, 153 Wash.2d at 778, 108 P.3d 753.
¶ 19 The question that a court must answer to properly apply RCW 13.40.180(1) is whether S.S.Y.'s act of committing first degree assault also satisfied an element of first degree robbery. RCW 13.40.180(1). Reviewing the juvenile court's findings and conclusions, we cannot say that is true as a matter of law. It is possible that the court found S.S.Y. guilty of first degree assault because he kicked S.C. in the head, thus inflicting great bodily harm by rendering him legally blind, an act fully complete before S.S.Y. stomped on S.C.'s hand. And it is possible that the court found S.S.Y. guilty of first degree robbery based on his separate act of stomping on S.C.'s hand and stealing the MP3 player, which caused bodily injury to S.C.'s hand in the form of scrapes.
¶ 20 But the juvenile court was not asked to address whether S.S.Y. was entitled to a lower term under the second clause of RCW 13.40.180(1) and, on this record, we cannot say whether it would grant such a request. This is not a situation in which the assaultive behavior was interrupted; took place at slightly different locations; had lapses in time, different victims, or different weapons; or any factors that would clearly dictate that the assault and robbery adjudications were based on separate acts. Rather, the record suggests that S.S.Y. engaged in one course of assaultive conduct during an uninterrupted, short time period. It is clear that the assaultive conduct constituted the first degree assault adjudication. But it is a question for the juvenile court at disposition whether the same or different assaultive conduct was an element of the first degree robbery adjudication, entitling S.S.Y. for consideration of a term reduction under RCW 13.40.180(1), or whether the robbery was a separate act that could be punished separately. Because we cannot rule on this issue as a matter of law and the juvenile court did not consider this mandatory dispositional factor, we remand to the juvenile court to consider whether S.S.Y. is entitled to a term reduction under RCW 13.40.180(1) and to enter a new disposition order if appropriate.
We concur: HOUGHTON, J, and PENOYAR, A.C.J.
NOTES
[] Because of the nature of this case, some confidentiality is appropriate. Accordingly, this court has determined pursuant to RAP 3.4 that the name of the juveniles involved will not be used in the case caption or the body of this opinion.
[1] The State responds that we should limit our analysis to the Blockburger doctrine for whether two crimes are actually the "same offense." See Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); In re Pers. Restraint of Orange, 152 Wash.2d 795, 816, 100 P.3d 291 (2004). Several distinct legal doctrines stem from the prohibition on double jeopardy and the Blockburger test is merely one of them. S.S.Y. does not argue that the two crimes are the "same offense" under Blockburger. And the merger-by-elevation doctrine is a wholly different double jeopardy consideration than that discussed in Blockburger. Thus, we decline to consider a constitutional argument that the appellant did not raise.
[2] S.S.Y. also argues that he received ineffective assistance of counsel because his attorney did not make this argument below. We do not address this issue because our ruling here is dispositive.