[No. 83299-4. En Banc.]
Argued May 20, 2010.     Decided October 28, 2010.

THE STATE OF WASHINGTON, *Respondent*, v. S.S.Y., *Petitioner*.

324

*Rebecca W. Bouchey*, for petitioner.

*Mark E. Lindquist, Prosecuting Attorney*, and *Kathleen Proctor* and *Chelsey L. McLean, Deputies*, for respondent.

¶1 MADSEN, C.J. — S.S.Y.[1] was convicted in juvenile court of first degree robbery and first degree assault. The trial court imposed two consecutive sentences on S.S.Y. pursuant to RCW 13.40.180. On review S.S.Y. contends the sentence violates double jeopardy protections because there is no evidence the legislature intended to punish first degree robbery and first degree assault separately. He also urges us to leave intact the Court of Appeals' remand order instructing the trial court to determine whether RCW 13.40.180(1) requires a reduction in S.S.Y.'s sentence.

¶2 We hold that the juvenile sentencing structure for first degree robbery (robbery I) and first degree assault (assault I) demonstrates legislative intent to punish these crimes as separate offenses. In addition, since neither party has petitioned for review of the remand ordered by the Court of Appeals, we decline to reach that issue. We remand this case to the juvenile court for proceedings consistent with this opinion.

## FACTS

¶3 On August 20, 2007 sixteen year old S.C. was listening to his MP3 player (digital audio player) while walking home from the bus stop. He observed two boys drinking and smoking, and after hearing his name called, he stopped and waited for them to catch up. He recognized one as petitioner, S.S.Y., because he had previously lent S.S.Y. his cell phone. When asked, S.C. allowed S.S.Y. and the other boy to listen to his MP3 player. Without warning, one of the boys punched the victim in the jaw. S.S.Y. then punched S.C. in his right eye and knocked him down. Both boys continued to

---

[1] The Court of Appeals determined that under RAP 3.4, names of the juveniles involved should not be used in the caption or body of the opinion in this case. *State v. S.S.Y.*, 150 Wn. App. 325, 325 n.†, 207 P.3d 1273 (2009).

kick the victim violently in his head and ribs, and demanded that he give up his MP3 player. The assault lasted several minutes; S.C. testified he felt the attack lasted approximately 20 minutes. Finally, S.S.Y. stomped on S.C.'s hand, causing S.C. to release his grasp on his MP3 player. S.S.Y. and the other boy then stole the MP3 player.

¶4 The assault left S.C. bleeding and spitting blood, with "goose egg" bumps on his head, and with scrapes on his hands and feet. In addition, the assault dislodged an artificial lens inside S.C.'s eye (placed there as treatment for a previous paint ball injury), and irreparably tore his iris. As a result, the artificial lens had to be removed and could not be surgically reattached. Moreover, the torn iris will no longer properly constrict his pupil, leaving him sensitive to light. Due to the attack, S.C. suffers from pain and poor balance, and must wear a thick, tinted contact lens for several hours a day. Without the lens, he is legally blind in his right eye. With the lens, his vision is still less than the 20/20 vision he had prior to the attack.

¶5 The juvenile court convicted S.S.Y. of first degree assault and first degree robbery. Clerk's Papers (CP) at 30-33. Specifically, the court found that S.S.Y.

> [c]ommitted ASSAULT IN THE FIRST DEGREE by unlawfully and feloniously, with intent to commit great bodily harm, did intentionally assault [S.C.] and thereby caused significant, permanent harm, loss, great bodily injury, and disfigurement. Further, the respondent committed ROBBERY IN THE FIRST DEGREE by unlawfully and feloniously taking personal property belonging to [S.C.]; to wit: MP3 player; away from him and against his will, by use of force and in the commission thereof, inflicted bodily injury upon [S.C.].

CP at 33.

¶6 The juvenile court sentenced S.S.Y. to the standard range for each charge, with the sentences to run consecutively. CP at 7-8. On appeal S.S.Y. argued double jeopardy principles required his assault and robbery convictions to merge or, alternatively, the juvenile sentencing provision,

RCW 13.40.180(1), required a reduction in his sentence under the 150 percent rule. Appellant's Br. at ii.

¶7 The Court of Appeals rejected S.S.Y.'s double jeopardy claim, reasoning that RCW 13.40.180(1) provides evidence of legislative intent to punish these offenses separately. *State v. S.S.Y.*, 150 Wn. App. 325, 332, 207 P.3d 1273 (2009). The court then addressed the applicability of RCW 13.40-.180(1) to S.S.Y.'s sentence. *Id.* at 333. In relevant part, the statute provides:

> Where a disposition is imposed on a youth for two or more offenses, the terms shall run consecutively, subject to the following limitations:
>
> (1) Where the offenses were committed through a single act or omission, . . . or through an act or omission which in itself constituted one of the offenses and also was an element of the other, the aggregate of all the terms shall not exceed one hundred fifty percent of the term imposed for the most serious offense.

RCW 13.40.180.

¶8 The court separated subsection (1) into two parts and analyzed the parts separately. The court recognized that in *State v. Contreras*, 124 Wn.2d 741, 747-48, 880 P.2d 1000 (1994), this court held the "single act" language of the statute has the same meaning as "same criminal conduct" in former RCW 9.94A.400(1) (1990). Nevertheless, the Court of Appeals held first degree robbery and first degree assault do not constitute the same criminal conduct as a matter of law because the offenses require different statutory intents. *S.S.Y.*, 150 Wn. App. at 334.

¶9 As to the second part of subsection (1), the court concluded it was not possible to determine whether the actions supporting S.S.Y.'s assault conviction also supported an element of robbery.[2] *Id.* at 336-37. The court

---

[2] The Court of Appeals presumably believed it was possible the punch that rendered S.C. legally blind in one eye constituted assault I, and the later stomp on S.C.'s hand, which was integral to the MP3 player theft, was a separate assaultive act that elevated the theft to robbery I. In this scenario, the 150 percent rule would

remanded to the juvenile court to clarify its findings and reduce S.S.Y.'s sentence if required by RCW 13.40.180(1). *Id.* at 337.

¶10 S.S.Y. sought review of the court's decision rejecting his double jeopardy claim. In its supplemental brief, the State questioned whether the Court of Appeals' remand for consideration of a sentence reduction was proper because S.S.Y. failed to raise RCW 13.40.180 at the sentencing hearing. Suppl. Br. of Resp't at 15-16.[3] S.S.Y. did not seek review of the court's remand.

## ANALYSIS

██ ██ ¶11 The Washington Constitution provides that "[n]o person shall be . . . twice put in jeopardy for the same offense." CONST. art. I, § 9. United States Constitution amendment V "provides the same scope of protection" as the state constitution. *State v. Sutherby*, 165 Wn.2d 870, 878, 204 P.3d 916 (2009) (citing *State v. Gocken*, 127 Wn.2d 95, 107, 896 P.2d 1267 (1995)). The standard of review for double jeopardy claims is de novo. *State v. Freeman*, 153 Wn.2d 765, 770, 108 P.3d 753 (2005).

██ ¶12 "The State may bring . . . multiple charges arising from the same criminal conduct in a single proceeding" without offending double jeopardy. *Id.* However, double jeopardy bars multiple punishments for the same offense. *In re Pers. Restraint of Borrero*, 161 Wn.2d 532, 536, 167 P.3d 1106 (2007). Because the legislature has authority to define offenses, " ' "a court weighing a double jeopardy challenge must determine whether, in light of legislative intent, the charged crimes constitute the same offense." ' "

---

*not* apply. Alternatively, the juvenile court may have considered all S.S.Y.'s assaultive conduct together for purposes of both the assault I and robbery I charges. In this scenario, because the assaultive conduct as a whole constituted both an offense (assault I) and an element of another offense (robbery I), the 150 percent rule would apply.

[3] S.S.Y. moved to strike this portion of the State's brief as an additional issue not properly raised in a petition or answer. Mot. To Strike Resp't's Argument Part C.1(D) (Jan. 28, 2010). This court denied the motion to strike. Clerk's Office Letter Ruling (Mar. 25, 2010).

*State v. Kier*, 164 Wn.2d 798, 803-04, 194 P.3d 212 (2008) (quoting *Freeman*, 153 Wn.2d at 771 (quoting *In re Pers. Restraint of Orange*, 152 Wn.2d 795, 815, 100 P.3d 291 (2004))).

¶13 This court recently explained the framework for determining legislative intent in *Kier*:

> We first consider express or implicit legislative intent based on the criminal statutes involved. [*State v. Calle*, 125 Wn.2d 769, 776, 888 P.2d 155 (1995).] If the legislative intent is unclear, we may then turn to the "same evidence" *Blockburger* test, which asks if the crimes are the same in law and in fact. *Calle*, 125 Wn.2d at 777-78; *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932). Third, if applicable, the merger doctrine may help determine legislative intent, where the degree of one offense is elevated by conduct constituting a separate offense. [*State v.*] *Vladovic*, 99 Wn.2d [413, ]419[, 662 P.2d 853 (1983)]. We have also recognized that, even if two convictions would appear to merge on an abstract level under this analysis, they may be punished separately if the defendant's particular conduct demonstrates an independent purpose or effect of each. *Freeman*, 153 Wn.2d at 773; *State v. Johnson*, 92 Wn.2d 671, 680, 600 P.2d 1249 (1979).

*Id*. at 804.

■ ■ ¶14 This case implicates the merger doctrine. S.S.Y. relies on our decision in *Freeman*, which he says supports merger in this case. In *Freeman* we reviewed two consolidated cases: *State v. Zumwalt*, 119 Wn. App. 126, 82 P.3d 672 (2003), involved first degree robbery and second degree assault; *Freeman* involved first degree robbery and first degree assault. We held that second degree assault merged with first degree robbery but that first degree assault did not merge with first degree robbery. *Freeman*, 153 Wn.2d at 778. We reasoned that the legislature's intent to punish first degree assault separately from first degree robbery was clear from the fact that first degree assault carries a significantly greater sentence than the putatively greater crime of first degree robbery. *Id*.

¶15 Specifically, we noted that Washington courts have found legislative intent to impose only one punishment

when first degree robbery and second degree assault are charged because the greater offense " 'typically carries a penalty that incorporates punishment for the lesser included offence.' " *Id.* at 775 (quoting Akhil Reed Amar & Jonathan L. Marcus, *Double Jeopardy Law after Rodney King*, 95 COLUM. L. REV. 1, 28 (1995)). Assigning a lesser sentence for first degree robbery than for first degree assault was anomalous because, in theory, the robbery elevated by assault should carry the greater penalty. This anomaly signified legislative intent to punish the offenses separately.

¶16  S.S.Y. argues that in the juvenile sentencing scheme, first degree assault and first degree robbery carry the same penalty. RCW 13.40.0357 (103-129 weeks). Thus, he contends that the anomaly identified in *Freeman* is not present and is evidence that the legislature did not intend the crimes to be punished separately when committed by a juvenile.

¶17  We disagree. In *Freeman*, we found the legislature intended to punish first degree robbery and second degree assault as a single offense because the greater offense " 'typically carries a penalty that incorporates punishment for the lesser included offence.' " *Freeman*, 153 Wn.2d at 775 (quoting Amar & Marcus, *supra*, at 28). In this case, however, the putative *greater* offense, first degree robbery, is not punished more severely than first degree assault.[4] *Id.* Here, if punishment is imposed only for first degree robbery when first degree assault is also committed, the harm caused by first degree assault (*serious* bodily injury) would go entirely unpunished. Thus, our rationale in *Freeman* does not support merger.

¶18  S.S.Y. also challenges the Court of Appeals' reading of RCW 13.40.180 as further legislative evidence that robbery and assault should be punished as separate crimes. Suppl. Br. of Resp't at 11-12. As noted earlier, that statute provides,

---

[4] Under the Juvenile Justice Act of 1977, both are "category A" offenses assigned the same standard sentencing range of 103-129 weeks. RCW 13.40.0357.

"Where the offenses were committed through a single act . . . which in itself constituted one of the offenses and also was an element of the other, the aggregate of all the terms shall not exceed one hundred fifty percent of the term imposed for the most serious offense." RCW 13.40.180(1).

¶19 S.S.Y. argues that RCW 13.40.180 is a general sentencing provision and is not offense-specific. Pet. for Discretionary Review at 7-8. He points to the fact that the *Freeman* court could have considered an analogous general sentencing provision in the adult context but declined to do so. *Id.* at 7 (citing RCW 9.94A.589(1)(a)).

¶20 Although in *Freeman* we did not specifically refer to RCW 9.94A.589, the court did consider the background rules of adult sentencing created by this provision when examining offense-specific sentencing statutes for anomalies. *Freeman*, 153 Wn.2d at 775. Indeed, the operation of RCW 9.94A.589 was the basis for the court's conclusion that a higher sentence for first degree assault than for first degree robbery was anomalous and the basis for its finding of legislative intent. *Cf. Freeman*, 153 Wn.2d at 775-76 (taking the "current sentencing schema" as "[g]iven" and concluding legislature did not intend this anomalous result).

¶21 More significantly, though, is the contrast between the adult sentencing scheme involved in *Freeman* and the juvenile statute at issue here. RCW 9.94A.589, which provides for merger when multiple crimes constitute "same criminal conduct," does not mention punishment for an independent crime that also supplies the element of a second crime. Thus, in *Freeman* we looked to the specific offenses for legislative intent. In contrast, RCW 13.40.180(1) shows legislative intent to punish offenses separately when one offense constitutes an element of another, albeit not to exceed 150 percent of the term imposed for the most serious offense.

¶22 Based on *Freeman* and the juvenile sentencing scheme, we conclude that the legislature intended to punish

first degree robbery and first degree assault as separate crimes.

¶23 Turning to the application of RCW 13.40.180(1), we note initially that both parties argue the issue is not properly before this court, but for different reasons. S.S.Y. says he did not seek review of the Court of Appeals order remanding his case to determine whether the 150 percent rule applies. Further, he says the State did not raise the issue in its answer, as required by RAP 13.4(d), and cannot raise the issue now. Mot. To Strike Resp't's Argument Part C.1(D) (Jan. 28, 2010). The State argues that by failing to raise RCW 13.40.180 at sentencing, S.S.Y. failed to preserve the issue for appeal and the remand was therefore improper. Suppl. Br. of Resp't at 15-16. To support its contention, the State claims the applicability of RCW 13.40.180 is a mixed question of law and fact and cites *State v. Nitsch*, 100 Wn. App. 512, 525, 997 P.2d 1000, *review denied*, 141 Wn.2d 1030 (2000), and *In re Personal Restraint of Goodwin*, 146 Wn.2d 861, 875, 50 P.3d 618 (2002), for the rule that issues of fact are lost if not raised in the trial court. Suppl. Br. of Resp't at 15-16.

¶24 Although the Court of Appeals included consideration of RCW 13.40.180 as a part of its double jeopardy analysis in this case, neither party sought review of the remand based on the statute. We do have concerns about the court's test for determining whether crimes constitute a "single act." The court's per se rule follows a line of Division Two cases that appear to be in conflict with cases from Division One, Division Three, and this court.[5] However,

---

[5] This court has defined a "single act or omission" under RCW 13.40.180(1) as equivalent to the "same criminal intent" test. *Contreras*, 124 Wn.2d at 748. Divisions One and Three have followed this court's precedent establishing a factors balancing approach to the "same criminal intent" test. *State v. Dunaway*, 109 Wn.2d 207, 213-17, 743 P.2d 1237 (1987); *State v. Adame*, 56 Wn. App. 803, 811, 785 P.2d 1144 (1990); *State v. Allgoewer*, noted at 148 Wn. App. 1033, 2009 WL 271233, at *2, 2009 Wash. App. LEXIS 289, at *4; *State v. Wells*, noted at 147 Wn. App. 1018, 2008 WL 4838730, at *3, 2008 Wash. App. LEXIS 2604, at *5. Despite this precedent, Division Two has adopted its own per se rule, holding, as a matter of law, two offenses cannot encompass the same criminal intent if the offenses require different mental elements. *State v. Price*, 103 Wn. App. 845, 857, 14 P.3d

absent a procedural basis for considering this issue, we decline to do so and leave undisturbed the Court of Appeals' remand for consideration of whether RCW 13.40.180 requires a reduction in S.S.Y.'s sentence.

## CONCLUSION

¶25  We hold that the juvenile sentencing scheme provides evidence the legislature intended to punish first degree assault and first degree robbery separately and that S.S.Y.'s convictions do not violate double jeopardy. We remand the case for proceedings consistent with this opinion.

C.  JOHNSON, ALEXANDER, SANDERS, CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., concur.

[No. 84388-1.   En Banc.]
Considered October 7, 2010.    Decided October 28, 2010.

841 (2000), *review denied*, 143 Wn.2d 1014, 22 P.3d 803 (2001); *State v. Hernandez*, 95 Wn. App. 480, 484, 976 P.2d 165 (1999); *State v. Rodriguez*, 61 Wn. App. 812, 816, 812 P.2d 868 (1991).