FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2018 APR -9 AM 9: 19

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 77765-3-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| COREY ALLEN PEARSON, | ) | UNPUBLISHED OPINION |
| DOB: 12/28/1998, | ) ) | FILED: April 9, 2018 |
| Appellant. | ) ) | |

BECKER, J. — The appellant was convicted in juvenile court of one count of child molestation and one count of child rape, both arising from a single incident of intimate contact with the victim. Because the same conduct was not required to prove both convictions, there was no double jeopardy violation.

When appellant Corey Pearson was 16, he lived in the same household as 12-year-old KLM. The girl's account of being sexually assaulted by Pearson led to Pearson's prosecution.

Pearson was tried as a juvenile on one count of second degree child molestation and one count of second degree child rape. KLM was 13 at the time of trial; Pearson was 17. KLM testified about an occasion when she and Pearson were lying in a bed together. She said he started kissing her lips and neck, and

then he moved his hands toward her "vaginal area" and started touching her beneath her clothing.

> Q. [STATE:] Okay. And what was his hand doing? Was that under or over clothing?
> A. [KLM:] Under.
> Q. Okay. And was that under or over your underwear?
> A. Under.
> Q. Okay. So was it touching your skin -- the skin of your vagina?
> A. Yeah.
> Q. And was his hand doing anything down there? Was it moving at all?
> A. Yeah.
> Q. How was it moving?
> A. I don't know. It was just moving.
> Q. Okay. Have you ever used a tampon?
> A. Yeah.
> Q. And did his fingers ever --
> A. Yes.
> Q. -- go where a tampon would go?
> A. Yeah.
> Q. Okay. And what were they doing when they were inside there?
> A. Moving.

This incident formed the basis of both charges; KLM did not allege that Pearson assaulted her on any other occasion.

At the conclusion of the bench trial, the court found Pearson guilty on both counts. The court imposed a standard range term of 15 to 36 weeks' commitment on the rape count and 30 days on the molestation count, to run concurrently.

Pearson brought this timely appeal. He claims a violation of his double jeopardy rights. Our review is de novo. State v. Land, 172 Wn. App. 593, 598, 295 P.3d 782, review denied, 177 Wn.2d 1016 (2013).

The constitutional guarantee against double jeopardy protects a defendant against multiple punishments for the same offense. U.S. CONST. amend. V; WASH. CONST. art. I, § 9; In re Personal Restraint of Orange, 152 Wn.2d 795, 815, 100 P.3d 291 (2004). Pearson contends child rape and child molestation constitute the same offense in the circumstances of this case because, he claims, the same evidence proved both counts.

We apply the "same evidence" test, asking whether the crimes are the same in law and in fact. State v. Vladovic, 99 Wn.2d 413, 423, 662 P.2d 853 (1983). If there is an element in each which is not included in the other, and proof of one would not necessarily also prove the other, the offenses are not the same and the double jeopardy clause does not prevent convictions for both. Vladovic, 99 Wn.2d at 423.

The elements of second degree child rape are: (1) sexual intercourse, (2) with a child between 12 and 14 years old, (3) who is not married to the perpetrator, and (4) who is at least 36 months younger than the perpetrator. RCW 9A.44.076(1). "'Sexual intercourse'" means penetration of the vagina or anus, or any act of sexual contact between persons involving the sex organs of one person and the mouth or anus of another. RCW 9A.44.010(1).

The elements of second degree child molestation are: (1) sexual contact, (2) with a child between 12 and 14 years old, (3) who is not married to the perpetrator, and (4) who is at least 36 months younger than the perpetrator. RCW 9A.44.086(1). "'Sexual contact'" means "any touching of the sexual or

other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2).

Thus, child rape requires proof of intercourse, which is not an element of child molestation, and child molestation requires proof that the perpetrator acted for sexual gratification, which is not an element of child rape. State v. Jones, 71 Wn. App. 798, 825, 863 P.2d 85 (1993), review denied, 124 Wn.2d 1018 (1994).

When there is an element in each offense that is not included in the other, they are not the same in law. Vladovic, 99 Wn.2d at 423. But we cannot rule out a double jeopardy violation unless we also consider whether the two offenses are the same in fact. State v. Nysta, 168 Wn. App. 30, 47, 48, 275 P.3d 1162 (2012), review denied, 177 Wn.2d 1008 (2013). Double jeopardy occurs if the offenses are the same in fact, that is, if "evidence of the same single act was *required* to support each conviction." Nysta, 168 Wn. App. at 48.

We discussed the "same in fact" component of the double jeopardy test in Land. Like Pearson, the defendant was convicted of one count of child rape and one count of child molestation based on conduct involving the same victim and the same charging period. The defendant argued on appeal that the trial court erred by failing to instruct the jury that separate acts were required to support the rape and molestation charges. Such an instruction is a requirement under State v. Mutch, 171 Wn.2d 646, 661, 254 P.3d 803 (2011), when the State has charged more than one identically worded count of the same offense in the same charging period. That situation creates a *potential* problem of double jeopardy. Land, 172 Wn. App. at 599.

4

We agreed with the defendant in Land that even though rape and molestation have different elements, they can be the same in fact if both offenses arise out of the same act of oral-genital intercourse. The trial testimony was that the defendant touched the victim on her breasts and "'lower part,'" inserted his finger inside her vagina, and "'kissed'" her "'on the lower half.'" Land, 172 Wn. App. at 597-98. This testimony created a *potential* double jeopardy problem calling for a Mutch "separate acts" instruction to prevent the jury from convicting Land of both rape and child molestation based on a single act. Land, 172 Wn. App. at 600-01. In the final analysis, we found no instructional error because it was manifestly apparent from the record that the rape count was supported only by the digital penetration; thus, the State was not seeking to impose more than one punishment for the same offense. Land, 172 Wn. App. at 601-03.

Pertinent to Pearson's case, we explained in Land that when rape occurs by penetration, it is not the same offense as child molestation; but when rape occurs by oral-genital contact, it is the same offense as child molestation if the same act of sexual contact was necessary to prove it.

> Where the only evidence of sexual intercourse supporting a count of child rape is evidence of penetration, rape is not the same offense as child molestation. And this is so even if the penetration and molestation allegedly occur during a single incident of sexual contact between the child and the older person. The touching of sexual parts for sexual gratification constitutes molestation up until the point of actual penetration; at that point, the act of penetration alone, regardless of motivation, supports a separately punishable conviction for child rape.
> But where the only evidence of sexual intercourse supporting a count of child rape is evidence of sexual contact involving one person's sex organs and the mouth or anus of the other person, that single act of sexual intercourse, if done for sexual gratification, is both the offense of molestation and the

5

offense of rape. In such a case, the two offenses are not separately punishable. They are the same *in fact and in law* because all the elements of the rape as proved are included in molestation, and the evidence required to support the conviction for molestation also necessarily proves the rape.

Land, 172 Wn. App. at 600.

Pearson recognizes that his case appears to fall into the first category discussed in Land. Under Land, rape accomplished by penetration is not the same offense as child molestation. But Pearson argues that penetration was the *only* evidence of molestation in his case, putting his case into the second category where rape and molestation are the same offense in fact. According to Pearson,

> there was no "touching of sexual parts for sexual gratification" "up until the point of actual penetration." Rather, the touching of sexual parts for sexual gratification was the penetration. . . .Thus, this case falls into the second category because the elements of the rape as proved are included in molestation "and the evidence required to support the conviction for molestation also necessarily proves the rape."

We disagree with Pearson's characterization of the evidence. KLM testified that Pearson touched her unclothed vagina before inserting his fingers in her vagina. She said that Pearson moved his hand towards her vaginal area, put his hand beneath her underwear, touched the skin of her vagina, and then put his fingers inside her vagina. Pearson's touching of KLM's vaginal area before penetration occurred was available to prove the molestation. This fact pattern illustrates what we said in Land. Even though the penetration and molestation occurred during a single incident of sexual contact between Pearson and KLM, his touching of her sexual parts for sexual gratification constituted

6

molestation up until the point of actual penetration. At that point, the act of penetration, regardless of motivation, constituted the separately punishable offense of rape.

At the disposition hearing, the trial judge commented that the conduct for both crimes was "a single act." Pearson interprets this comment as an express formal finding by the court that his two offenses were the same in fact for purposes of a double jeopardy violation.

The "single act" remark cannot be taken to mean that the judge found the two offenses were the same in fact for purposes of a double jeopardy analysis.[1] The judge identified separate conduct to support each count in his oral findings at the end of trial. The judge declined to dismiss the molestation conviction as a violation of double jeopardy when defense counsel suggested that he do so. "I don't know that a dismissal would be appropriate based on the findings that I have already made."

At various points below, the parties and the judge used the term "merger" and referred to a single act without being clear about what they meant. During the disposition hearing, the prosecutor said that the molestation and rape convictions were "pretty clearly the same act or offense." The prosecutor also said, "for an equity or in the interest of justice argument, the State has no objection to this Court merging them." The judge then said that his analysis of

---

[1] Even if the trial court had made a formal finding of a "single act," we are aware of no authority that prevents us from examining the underlying evidence in a bench trial just as we would in a jury trial to determine the proper application of the Vladovic "same evidence" test.

appropriate punishment began with considerations of "merger": "Based on the circumstances that have been presented that the conduct in both of those was a single act—it was the same act—I am going to find that those would merge for purposes of the disposition that I am making." The court's written findings and conclusions state that the molestation and rape counts "merge for purposes of disposition."

The "merger" doctrine is a rule of statutory construction used in a double jeopardy analysis only when a crime is elevated to a higher degree by proof of another crime—for example, when kidnapping or assault is used to support a charge of first degree rape. State v. Johnson, 92 Wn.2d 671, 681, 600 P.2d 1249 (1979), cert. dismissed, 446 U.S. 948 (1980); State v. Freeman, 153 Wn.2d 765, 772-73, 108 P.3d 753 (2005); Vladovic, 99 Wn.2d at 420-21. There is no indication that the trial judge in Pearson's case intended that meaning of the term "merger." Possibly, the court meant to say that Pearson's conduct constituted a "single act" as that term is used in a juvenile sentencing statute, RCW 13.40.180 (1)(a). See State v. S.S.Y., 170 Wn.2d 322, 330 & n.2, 241 P.3d 781 (2010). Whether two convictions arise from a single act or from the "same criminal conduct" for sentencing purposes is distinct from a double jeopardy analysis. State v. Chenoweth, 185 Wn.2d 218, 222, 370 P.3d 6 (2016); State v. Wilkins, 200 Wn. App. 794, 809, 403 P.3d 890 (2017).

In short, the judge's oral remarks have no bearing on our conclusion that Pearson's offenses are distinguishable in law and in fact. Following Land, we conclude the court's finding that Pearson was guilty of both molestation and rape

8

does not violate double jeopardy even though the offenses stem from a single incident of intimate contact.

Affirmed.

WE CONCUR:

_Becker, J._

_Leach, J._          _Dwyer, J._